579 S.E.2d 308

**In the Matter of HORRY COUNTY MAGISTRATE Charles B. JOHNSON, Respondent.**

No. 25621.

Supreme Court of South Carolina.

Submitted March 11, 2003.

Decided April 7, 2003.

520

Henry B. Richardson, Jr., and Michael S. Pauley, both of Columbia, for the Office of Disciplinary Counsel.

Warren C. Powell, Jr., of Columbia, for Respondent.

PER CURIAM:

In this judicial disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a six month suspension, retroactive to July 11, 2002, the date he was placed on interim suspension. We accept the agreement and impose a six month suspension, retroactive to the date of his interim suspension. The facts as set forth in the agreement are as follows.

### FACTS

Respondent was subpoenaed as a potential witness in a case tried before Horry County Magistrate Marjorie B. Living-

ston.[1]  Before adjourning for lunch, Judge Livingston directed the witnesses, including respondent, not to discuss the case during the lunch break.

Prior to resuming the trial, Judge Livingston was informed by defense counsel that several witnesses reported respondent had spoken to them about the case during the lunch break. During an *in camera* hearing, several people reported that they had seen respondent sitting and talking with one of the defense witnesses.

One witness testified, during the *in camera* hearing, that she overheard respondent state to the witness he was sitting with, "remember now, don't answer anything they don't ask you."  The witness respondent had been seen sitting with and talking to confirmed he had had such a conversation with respondent.[2]  Another witness stated respondent had also attempted to talk to her about the trial, but she told him the conversation was improper.

Respondent denied having any conversations with the witnesses regarding the merits of the case and denied sitting with any of the witnesses.  Respondent admitted he had asked one of the witnesses what the witness thought about the situation. Respondent testified the witness stated, "it's just two adults with [a] misunderstanding," and respondent stated, "well, fine, I agree with that, fine."  Respondent also maintained the witness initiated a conversation about whether respondent liked Atlantic Beach and about respondent's relationship with Atlantic Beach police.  Respondent stated he told the witness, "remember, I didn't discuss anything with you about this case

---

1.  This case involved a charge of simple assault and battery against the Interim Chief of Police for Atlantic Beach.  The charge arose from an altercation between the Interim Chief and respondent's brother at an Atlantic Beach Town Council meeting.  Respondent was not present at the meeting and, therefore, did not witness the events giving rise to the charge;  however, he was subpoenaed as a witness by the defense.

2.  The witness testified he felt compelled to sit with respondent, although he knew it was a violation of Judge's Livingston's instructions, because respondent was the judge at J. Reuben Long Detention Center where the witness had previously been detained on a public intoxication charge and other minor offenses.  The witness also testified respondent asked him what he thought of the situation that gave rise to the charges against the Interim Chief and stated he did not like Atlantic Beach and that he did not have anything to do with the municipality.

period. I did not discuss anything with you about this case because you have not testified and I was instructed not to discuss anything and I did not." Based on respondent's communications with witnesses during the lunch break, Judge Livingston granted the defendant's motion to dismiss the case.

Respondent now acknowledges that portions of his testimony during the *in camera* hearing were incorrect, particularly his testimony that he did not sit with one of the witnesses and had not discussed the case with any of the witnesses. Respondent agrees that the circumstances of the events during the lunch break were substantially as set forth in the testimony of the other witnesses given during the *in camera* hearing.

### *Law*

By his conduct, respondent has violated the following Canons of the Code of Judicial Conduct: Canon 1 (a judge shall uphold the integrity and independence of the judiciary); Canon 2 (a judge shall avoid impropriety and the appearance of impropriety in all of the judge's activities); Canon 2(A) (a judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary); Canon 3 (a judge shall perform the duties of judicial office impartially and diligently); Canon 3(A) (the judicial duties of a judge take precedence over all the judge's other activities); Canon 3(B)(2) (a judge shall be faithful to the law and maintain professional competence in it; a judge shall not be swayed by partisan interests, public clamor or fear of criticism); Canon 3(B)(9) (a judge shall not, while a proceeding is pending or impending in any court, make any public comment that might reasonably be expected to affect its outcome or impair its fairness or make an nonpublic comment that might substantially interfere with a fair trial or hearing); Canon 4 (a judge shall conduct extra-judicial activities so as to minimize the risk of conflict with judicial obligations); Canon 4(A)(1) (a judge shall conduct all of the judge's extra-judicial activities so that they do not cast reasonable doubt on the judge's capacity to act impartially as a judge); Canon 4(A)(2) (a judge shall conduct all of the judge's extra-judicial activities so that they do not demean the judicial office); and Canon 4(A)(3) (a judge shall conduct all of the judge's extra-judicial activities so that

they do not interfere with the proper performance of judicial duties).

By violating the Code of Judicial Conduct, respondent has also violated Rule 7(a)(1) of the Rules for Judicial Disciplinary Enforcement, Rule 502, SCACR. He also violated Rule 7(a)(7), RJDE, by willfully violating a valid court order issued by a court of this state.

## CONCLUSION

We find respondent's misconduct warrants a suspension from judicial duties. We therefore accept the Agreement for Discipline by Consent and suspend respondent for six months, retroactive to July 11, 2002, the date of his interim suspension.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.